IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PERRY WILLIAMS,**                                                  **PLAINTIFF**

**V.**                                                              **NO. 4:07CV008-M-B**

**MDOC, et al.,**                                                **DEFENDANTS**

## OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. He complains about a Rule Violation Report (RVR) that is "years" old, which resulted in the deduction of earned time. Plaintiff argues that because of the loss of earned time he is being held illegally beyond his expected release date.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The Plaintiff contends that defendants violated his constitutional rights by stripping him of earned time credits which count toward his early release from confinement. The Supreme Court has held that § 1983 is an inappropriate vehicle for an inmate to seek recovery of lost earned time credits, *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), and it is likewise improper for an inmate to sue for damages under § 1983 where success on the merits of the inmate's claim would "necessarily imply" invalidity of confinement. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In both cases, the inmate's available remedy is to petition for a writ of *habeas corpus*. The Court subsequently has applied *Heck* to inmates challenging the loss of earned time credits through prison disciplinary proceedings resulting in a change of their sentences. *Edwards v. Balisok*, 520 U.S. 641 (1997). The rule which the Fifth Circuit Court of Appeals follows in determining whether a prisoner must first obtain *habeas corpus* relief before bringing a § 1983 action is simple: "if a favorable

determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983.  If it would so entitle him, he must first get a *habeas* judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).  Because Plaintiff, if successful in the instant case, would be entitled to accelerated release, he must first obtain *habeas* relief before bringing suit pursuant to § 1983, and the case should be dismissed as legally frivolous pursuant to 28 U.S.C. 1915(e)(2)(B)(i).

    **SO ORDERED**, this the 27th day of February, 2007.

                                                                       /s/ Michael P. Mills
                                                                     **UNITED STATES DISTRICT JUDGE**